**MAIN OFFICE**
Avenue, Suite 600
on 97204
·1000
..usdoj.gov/usao/or

NATALIE K. WIGHT
Assistant U.S. Attorney
Natalie.Wight@usdoj.gov
(503) 727-1000



**DEPARTMENT OF JUSTICE**
United States Attorney's Office
Acting United States Attorney
Scott Erik Asphaug
District of Oregon

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

December 6, 2021

Jerry Needham
Assistant Federal Public Defender
101 SW Main, Suite 1700
Portland, OR 97204

     Re:    *United States v. Gabriel Agard-Berryhill,* Case No. 3:20-cr-00352-IM
            Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to Count 1 of the Information.  Count 1 alleges attempted willful depredation against federal property in violation of 18 U.S.C. § 1361.

3.    **Penalties**:  The maximum penalty for Count 1 is not more than ten (10) years imprisonment, a fine of up to $250,000, up to a three-year term of supervised release, and a $100 fee assessment.  Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the court why it cannot be done.

4.    **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss the original indictment against defendant.  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

Agard-Berryhill Plea Letter
Page 2

6.    **Elements & Factual Admissions**: In order for defendant to be found guilty of Count One of the Information, the government must prove the following elements beyond a reasonable doubt:

    1.    Defendant attempted to injure or commit a depredation against property;
    2.    The property was of the United States or of any department or agency therof;
    3.    Defendant acted willfully; and
    4.    The attempted damage to the property exceeded the sum of $1,000.

Defendant admits the elements of the offense alleged in Count One of the Information.

Defendant also admits that the government's investigation can establish the following facts beyond a reasonable doubt. On July 28, 2020 defendant was present outside the Mark O. Hatfield Courthouse in Portland, Oregon. Defendant willfully attempted to injure and commit a depredation against the Mark O. Hatfield United States Courthouse, a building owned in whole and in part by the United States, by lighting and throwing an incendiary object at the building, causing the building to temporarily catch fire. The attempted damage to the property exceeded the sum of $1,000.

7.    **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change these recommendations if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8.    **Advisory Guideline Calculation:**  The government anticipates that defendant has no more than 1 criminal history point, producing a criminal history category of I. [1]  The parties stipulate and agree to the applicability of the following base offense level and adjustments on Count 1:

| | | |
|---|---|---|
| (1) U.S.S.G. § 2B1.1(a)(2) | - Base offense level | 6 |
| (2) U.S.S.G. § 3E1.1 | - Acceptance | - 2 |
| | | = 4, CHC I, 0-6 |

9.    **JOINT Sentencing Recommendation:**  If defendant agrees to resolve his case and demonstrates an acceptance of responsibility, the parties will jointly recommend a **sentence of time-served followed by a 2-year term of supervised release, to include a condition that defendant will serve up to 90 days at the Northwest Regional Reentry Center, at the discretion of U.S. Probation.**

---

[1] The criminal history is an estimate and the parties understand that the final criminal history calculation will be determined by the Court following receipt of the Presentence Report.

Agard-Berryhill Plea Letter
Page 3

10.    **Additional Departures, Adjustments, or Variances**:  The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of the agreed-upon probationary joint sentencing recommendation.

11.    **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that:  (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the court.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

In the event that defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the recommendations of the parties.

13.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15.    **Memorialization of Agreement**:  No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea

Agard-Berryhill Plea Letter
Page 4

16.    **Deadline**:  This plea offer expires if not accepted by December 9, 2021.

Sincerely,

SCOTT ERIK ASPHAUG
Acting United States Attorney

*/s/ Natalie K Wight*
NATALIE K. WIGHT
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

12 - 15 -21
_____
Date

_____
GABRIEL AGARD-BERRYHILL, Defendant

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

12-15-21
_____
Date

_____
JERRY NEEDHAM, Attorney for Defendant