SCOTT ERIK ASPHAUG, OSB #833674
United States Attorney
District of Oregon
**NATALIE K. WIGHT, OSB #035576**
natalie.wight@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:20-cr-00352-IM |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| GABRIEL AGARD-BERRYHILL, | |
| Defendant. | |

The United States submits the following sentencing memorandum for the Court's consideration.  Defendant pled guilty to one count of attempted willful depredation of federal property in violation of 18 U.S.C. § 1361.  The parties jointly recommend a sentence of time-served, with a 2-year term of supervised release.  United States Probation joins in the recommendation.  The recommendation also includes 90 days at the Northwest Residential Reentry Center (RRC) and the parties jointly request the Court credit defendant with the time he has successfully resided at the RRC since his change of plea.

**Government's Sentencing Memorandum**                                                                                       Page 1

**FACTUAL BACKGROUND**

The government concurs with the summary of facts in the Presentence Report (PSR) and recommends the Court use the fact summary as a basis for sentencing defendant. Beginning in late May 2020, the United States Hatfield Federal Courthouse suffered significant destruction and vandalism while it was at the center of civil unrest and violence in Portland, Oregon. PSR ¶¶ 13-14.

On July 28, 2020, an individual, later identified as the defendant, threw an incendiary device against the Courthouse front entrance. PSR ¶ 15. Courthouse cameras and online livestream video captured the explosion, flames and the concussive boom caused by the device. Federal law enforcement agents worked together with local law enforcement and were able to identify defendant by his recognizable clothing and through online media postings. PSR ¶ 15. On July 30, 2020, defendant turned himself in and told law enforcement that he was the person in the video that threw the device, but explained he believed it to be a large firework. PSR ¶ 17.

In August 2020, the Grand Jury for the District of Oregon indicted defendant on one count of Arson in violation of 18 U.S.C. § 844(f)(1). PSR ¶ 2. In December 2021, defendant waived indictment and pled guilty to a one count Information charging defendant with attempted willful depredation against federal property in violation of 18 U.S.C. § 1361. The maximum penalty for a §1361 violation is 10 years of imprisonment, a fine up to $250,000, a term of supervised release up to three years, and a mandatory fee assessment of $100. Defendant has been on pretrial release for approximately 19 months, he is currently residing at the Northwest Residential Reentry Center and will successfully graduate from the Court-Assisted Pretrial Supervision (CAPS) program with the Honorable Stacie F. Beckerman on March 10, 2022. Defendant has approximately 16 days of official detention.

# SENTENCING CONSIDERATIONS

**I.   Legal Standard**

The Court must determine the applicable sentencing guideline range, allow the parties to "argue for a sentence they believe is appropriate," and "consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). Other factors include avoiding unwarranted sentencing disparities and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(6) and (a)(7).

**II.   Guidelines Application**

**A.   Guidelines Calculation Summary**

| | |
|---|---:|
| Base Offense Level  § 2B1.1(a)(2) | 6 |
| Adjustment - Acceptance of Responsibility | -2 |
| | |
| Total Offense Level | 4 |
| Criminal History Category | III |
| Guidelines Range | 0 - 6 months |

**B.   Sentencing Recommendation**

The government concurs with the U.S. Probation Office guidelines computation of the total offense level of 24, with a criminal history category III. Pursuant to the plea agreement, the parties have jointly recommended a sentence of time-served (approximately 16- 17 days) with a two-year term of supervised release to follow. The U.S. Probation office joins in the recommendation. Since the change of plea in December 2021, defendant has resided at the Northwest RRC and has attended all bi-weekly CAPS hearings with Judge Beckerman. Therefore, the parties jointly recommend the Court include a 90-day RRC condition, but will essentially give defendant credit for the time he has already been at the RRC, and allow his early release from the RRC with the approval of his U.S. Probation officer.

Defendant had just turned 18 when he committed this offense and has been on pretrial release for approximately 19 months. While his initial supervision was quite bumpy, since defendant joined the CAPS program he has shown significant strides in maturity and responsible decision making related to his employment, education and positive relationships. He has also expressed genuine remorse for his actions and acknowledged the significant damage or injury that could have occurred based on his conduct. The agencies involved in the investigation recognize the changes defendant has made in his life since the summer of 2020 and support this joint sentencing recommendation.

In this case, a jointly recommended sentence of time-served with two years of supervision is sufficient, but not greater than necessary, to comply with the factors set forth in 18 U.S.C. § 3553(a), to include, *inter alia*, the nature and seriousness of the offense, defendant's history and characteristics, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by defendant.

## CONCLUSION

For the reasons discussed above, the parties jointly recommend a sentence of time-served with a 2-year term of supervised release and a limited 90-day RRC condition. No restitution is requested.

Dated this 9th day of March 2022.          Respectfully submitted,

SCOTT ERIK ASPHAUG
United States Attorney

*/s/ Natalie K. Wight*
**NATALIE K. WIGHT, OSB #035576**
Assistant United States Attorney